IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LETICIA LAGERA, SABADO, FRANCO, and ARUCAN FAMILY, JANET IBALE CAMPOS, <br><br>         Plaintiffs, <br><br> vs. <br><br> USA and 50 STATES, <br><br>         Defendants. | CIVIL NO. 20-00278 DKW-KJM <br><br> FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT |

FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT

On June 17, 2020, Plaintiffs Leticia Lagera, Sabado, Franco and Arucan Family, and Janet Ibale Campos, also known as Janet Campos Howell ("Howell") (collectively, "Plaintiffs"), filed a complaint ("Complaint") against "USA & 50 States" ("Defendants"). ECF No. 1. The Court set a Rule 16 Scheduling Conference for August 17, 2020, which the Court continued to September 17, 2020 due to Plaintiffs' failure to serve the Complaint. ECF No. 5. At the September 17, 2020 status conference ("09/17/2020 Status Conference"), the Court advised Howell of Plaintiffs' obligation to serve the Complaint on all Defendants within 90 days of filing the Complaint and again continued the Rule 16 Scheduling Conference to allow Plaintiffs more time to serve the Complaint. ECF No. 11. On

October 19, 2020, the Court held another status conference at which only Howell appeared. ECF No. 13. To date, Howell is the only plaintiff who has appeared in this action.

On November 2, 2020, the Court issued an Order to Show Cause as to Howell's failure to serve the Complaint, directing Howell to respond by November 20, 2020. ECF No. 15. On October 28, 2020 and November 10, 2020, Howell filed two motions, which the Court interpreted as motions to file an amended complaint. *See* ECF Nos. 14, 16. On November 25, 2020, the Court granted Howell's motions to file an amended complaint and directed Howell to file her First Amended Complaint by December 24, 2020, and to timely serve it pursuant to Rule 4 of the Federal Rules of Civil Procedure ("FRCP"). On December 5, 2020, Howell filed a First Amended Complaint. ECF No. 19.

On May 12, 2021, the Court entered an Order to Show Cause ("05/12/2021 OSC"), ordering Howell to explain in writing by June 1, 2021, why the Complaint should not be dismissed for Howell's failure to complete service of process. ECF No. 20. In the 05/12/2021 OSC, the Court warned Howell that failure to comply would provide a basis for the imposition of sanctions, including but not limited to fines, dismissal, and other appropriate action. ECF No. 20 at 3-4 (citing LR11.1). Howell did not respond to the 05/12/2021 OSC and has not filed anything indicating that she has completed service of process.

DISCUSSION

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citations omitted). If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *Id.*

The court has discretion to *sua sponte* dismiss a complaint for failure to prosecute. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WB 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending case and to avoid congestion in the calendars of the District Courts.")). Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court has broad discretion under FRCP 4(m) to dismiss without prejudice the claims against that defendant. *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001). To determine whether to dismiss a case for lack

of prosecution, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Notwithstanding the Court's instruction to Howell at the 09/17/2020 Status Conference and the 05/12/2021 OSC directing Howell to explain why this action should not be dismissed for lack of service, Howell has not established that she has properly served any of the Defendants. Nor has Howell provided the Court any reason for her failure to do so. For the reasons set forth below, the Court finds that dismissal of the claims against Defendants is appropriate given Howell's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since June 2020 and Howell has failed to perfect service on any Defendant.

Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Howell's failure to prosecute this action has interfered with the Court's ability to manage its docket. To date, Howell fails to provide sufficient reasoning as to why she has not properly served Defendants.

Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal. Defendants will suffer prejudice if this case continues without Howell effecting service. Howell's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court discussed with Howell the importance of effecting service pursuant to Federal Rule Civil Procedure 4 at the 09/17/2020 Status Conference and issued the 05/12/2021 OSC warning Howell that her failure to respond would result in a recommendation that this action be dismissed without prejudice. ECF No. 20 at 3-4. Nonetheless, the record reflects that Howell has neither served Defendants nor responded to this Court's 05/12/2021 OSC. Thus, the Court finds that it would be futile to recommend a lesser sanction because Howell has demonstrated that such action would not compel her to take the necessary steps to prosecute this action.

Finally, public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Thus, this factor weighs against dismissal. However, this Court finds that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Howell has failed to prosecute this case and has failed to respond to the 05/12/2021 OSC, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weigh "strongly" in support of dismissal). Accordingly, the Court finds that dismissal is appropriate and recommends that the district court dismiss Howell's claims against all Defendants without prejudice.[1]

//
//
//
//
//

---

[1] As Howell is the only plaintiff who has appeared in this case, the Court finds that dismissal of the remaining Plaintiffs' claims is appropriate and recommends that the district court dismiss all claims against Defendants.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court dismiss this case without prejudice for Howell's failure to prosecute. IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, June 30, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Howell v. USA*; Civil No. 20-00278 DKW-KJM; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT